IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JESUS TORRES CALDERON, et als,<br><br>Plaintiffs,<br><br>          v.<br><br>PUERTO RICO POLICE DEPARTMENT, et als,<br><br>Defendants. | CIVIL NO.  05-1722 (FAB/BJM) |

**OPINION AND ORDER**

The remaining co-defendants (Puerto Rico Police Department, Luis Gandía, Carlos Burgos, and Víctor Rivera Gonzalez) have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 16). All defendants' arguments may be resolved without extended discussion.  Thus, after careful consideration, and taking as true all allegations of the complaint and making all reasonable inferences in favor of the non-moving party, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994), the court rules as follows:

1.      The Eleventh Amendment bars plaintiffs' damages claims against the Puerto Rico Police Department and the other remaining defendants in their official capacities.  See Reyes v. Supervisor of Drug Enforcement Admin., 834 F.2d 1093 (1st Cir. 1987); Ramos Bonilla v. Vivoni, 259 F.Supp.2d 135 (D.P.R. 2003).  Accordingly, co-defendants' motion to dismiss the complaint against the Puerto Rico Police Department and the other remaining defendants in their official capacities is hereby **GRANTED**.

2.      The complaint contains no allegations of discrimination based on race. Consequently, plaintiffs fail to state a claim under 42 U.S.C. §1981 against the remaining

defendants in their individual capacities. See <u>Alexis v. McDonald's Restaurants of Massachusetts,</u>

<u>Inc.</u>, 67 F.3d 341, 346-47 (1st Cir. 1995); <u>Vizarrondo v. Board of Trustees of the Univ. of Puerto</u>

<u>Rico</u>, 139 F.Supp.2d 198, 207-09 (D.P.R. 2001).  Accordingly, co-defendants' motion to dismiss

is hereby **GRANTED** as to any claim under 42 U.S.C. §1981.

     3.    The complaint alleges that after plaintiff Torres-Calderón was shot by one police

officer without provocation or probable cause, he was being driven to the hospital by co-plaintiff

De Jesús-Castro when defendant Luis Gandía and other police officers, acting under color of state

law, rammed plaintiffs' car with their police cruiser, dragged Torres-Calderón out by the hair, beat

him mercilessly, handcuffed him, and ignored his pleas for medical attention for his critical bullet

wounds. The complaint further alleges that he and the other officers physically abused plaintiff De

Jesús-Castro. Complaint, ¶¶ 11, 18-25, 43. These allegations, which must be taken as true for the

purpose of deciding a motion to dismiss, adequately describe a violation of plaintiffs' rights under

the Fourth Amendment to be secure in their persons from unreasonable seizure, and thus

sufficiently state a cause of action under 42 U.S.C. §1983.  See <u>Graham v. Connor</u>, 490 U.S. 386

(1989) (excessive force claims arising in context of arrest or investigatory stop of a free citizen most

properly invoke protections of the Fourth Amendment); <u>Whitfield v. Meléndez-Rivera</u>, 431 F.3d

1 (1st Cir. 2005); <u>Torres-Rivera v. O'Neill-Cancel</u>, 406 F.3d 43 (1st Cir. 2005).  Accordingly,

defendant Gandía's motion to dismiss plaintiffs' §1983 claim must be **DENIED**.

     4.    Defendants Carlos Burgos and Víctor Rivera González contend that the complaint

fails to state a §1983 supervisory liability claim against them. Under §1983, supervisory liability

cannot be predicated on a respondent superior theory, and supervisors may only be held liable on

the basis of their own acts or omissions. <u>Whitfield</u>, 431 F.3d at 14.  Absent direct participation, a

supervisor may only be held liable where (1) the behavior of his subordinates results in a constitutional violation, and (2) the supervisor's action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference. Id.; see also Nunez González v. Vázquez Garced, 389 F.Supp. 2d 214, 219-20 (D.P.R. 2005).

The complaint alleges facts which, if proven, would be sufficient to establish supervisory liability.  First, the complaint adequately alleges that the behavior of Officers Carlos Ortiz Colón, Alexis Cuevas Gotay, and Luis Gandía (who were subordinates of defendants Burgos and Toledo) resulted in a violation of plaintiffs' rights under the Fourth Amendment.  Complaint, ¶¶ 17 - 28. Second, the complaint alleges that defendants Burgos and Toledo had actual or constructive knowledge that their subordinates Ortiz, Cuevas and Gandía, had been improperly recruited, had received inadequate training and supervision, had been the subject of citizen complaints, were not subjected to required psychiatric evaluations, had exhibited violent conduct and had a propensity and pattern of engaging in violent acts and unnecessary force acting under color of state law, and were unable to properly and safely carry out their duties as police officers; and that defendants Burgos and Toledo nevertheless failed to properly train or evaluate these subordinates and failed to take any action against them or to implement the Department's existing disciplinary system which would have resulted in their dismissal or reassignment,  preventing the constitutional violations in the present case, and in doing so acted in a reckless and callous disregard for plaintiffs' civil rights. Complaint, ¶¶ 49-62.  These allegations, which must be taken as true in deciding a motion to dismiss, adequately state a cause of action of co-defendant's supervisory liability. Accordingly, the motion to dismiss the §1983 supervisory liability claims must be **DENIED**.

5.      Defendants argue that the complaint failed to adequately allege a conspiracy under 42 U.S.C. §1985.  The complaint cites §1985 in its jurisdictional paragraph (Complaint, ¶ 2), and does not mention the section elsewhere.  The complaint also does not include any allegations regarding the formation, existence or execution of any conspiracy among the defendants.  Given the lack of any factual allegations of a conspiracy, defendants' motion to dismiss must be **GRANTED** insofar as the complaint purports to allege a cause of action under 42 U.S.C. §1985. Schneider v. Colegio de Abogados de Puerto Rico, 546 F.Supp. 1251, 1263 (D.P.R. 1982), *citing* Slotnick v. Staviskey, 560 F.2d 31 (1ˢᵗ Cir. 1977).

6.      Defendants argue that the complaint against them must be dismissed under the doctrine of qualified immunity.   The court applies a three-part test in assessing a defense of qualified immunity: 1) whether the facts alleged, taken in the light most favorable to plaintiff, amount to a violation of a constitutional right; 2) whether that constitutional right was clearly established at the time of the alleged violation; and 3) whether a reasonable officer, similarly situated, would understand that his conduct violated that right. Whitfield, 431 F.3d at 6.  These factors weigh against a finding of qualified immunity at this time.  As described above, the complaint clearly avers excessive force in violation of the Fourth Amendment and that the remaining defendants participated in that violation either directly or in a supervisory capacity.  The constitutional right to be free from the excessive force described in the complaint was also clearly established at the time of the conduct (July 2003), and any reasonable officer would understand that the conduct alleged would violate this right. See Graham, *supra*.  Defendants' motion to dismiss the complaint on the basis of qualified immunity must therefore be **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of May, 2007.


S/*Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge