IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JESÚS TORRES CALDERÓN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PUERTO RICO POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | CIVIL NO. 05-1722 (FAB/BJM) |

## OPINION AND ORDER

Co-defendants Luis Gandía, Carlos Burgos Díaz, and Víctor Rivera González filed a motion for summary judgment (Docket No. 132), supported by a Statement of Uncontested Material Facts pursuant to Local Rule 56(b) (Docket No. 132-2) and exhibits (Docket Nos. 132-3 - 132-7; 146). Plaintiffs filed an opposition brief (Docket No. 141), accompanied by exhibits (Docket Nos. 141-1 - 141-8; 148), and opposed the Statement of Uncontested Material Facts (Docket No. 143). After careful consideration, the motion for summary judgment is granted in part and denied in part.

## FACTUAL BACKGROUND

Plaintiffs Jesús Torres Calderón, his family members, and Juan Carlos De Jesús Castro bring this action for damages alleging violations of 42 United States Code, Section 1983 ("Section 1983"), and various other United States and Puerto Rico laws. The following material facts, which will be viewed in the light most favorable to plaintiffs as the nonmoving party, are either undisputed or conclusively supported by the evidentiary record.[1]

---

[1] In determining what facts are supported by the evidentiary record, I have applied Local Rule 56(e):
Facts contained in a supporting or opposing statement of material facts, if supported by

**Jesús Torres-Calderón, et al v. PR Police Department**  Page 2
**Civ. No. 05-1722 (FAB/BJM)**
**OPINION AND ORDER**

On July 31, 2003, Torres Calderón was shot multiple times by members of the Puerto Rico Police Department, including Carlos Ortíz Colón. (Docket Nos. 148-5, pp.5, 7; 148-2, pp.3-4). De Jesús Castro was attempting to drive Torres Calderón to the hospital when police officers, including Ortíz Colón, Alexis Cuevas Gotay, and defendant Gandía[2], rammed into the vehicle De Jesús Castro was driving, removed both men from the vehicle and beat them. (Docket No. 141-3, pp.6-7). Ortíz Colón, Alexis Cuevas Gotay, and Gandía were supervised directly by Caimito Precinct Lieutenant Carlos Burgos and indirectly by Police Department Superintendent Víctor Rivera Gonzalez (collectively, "Defendant Supervisors"). (Docket No. 5, ¶¶12, 13).

There is no history of civil complaints made or disciplinary measures taken against Burgos Díaz, Ortíz Colón, or Gandía (Docket No. 132-2, ¶¶ 5, 81-3), although Burgos Díaz was named in two other civil suits brought against the Puerto Rico police. (Docket No. 143-1). As of the date of the alleged events, Cuevas Gotay had a complaint pending against him based on an incident in 2001 when he was a cadet, in which he allegedly, while under the influence of alcohol, pointed his firearm at municipal police officers who were providing security services in a bar. (Docket No. 132-2, ¶ 4; Docket No. 148-3, p.3). As a result, it was recommended that Cuevas Gotay be expelled

---

  record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

  [2] Plaintiffs have not submitted an affidavit or deposition testimony swearing to the fact of Gandía's involvement. However, defendants have not offered any evidence disputing his involvement in the incident.

from the police force. (Docket no. 148-3). However, at the time of the alleged events, this complaint was still pending in the Legal Affairs Office of the Police Department, and Rivera González "most likely" did not have any knowledge of the complaint nor of any alleged misconduct by Cuevas Gotay. (Docket No. 132-2, ¶¶ 5, 8-10; Docket No. 146-2, p.8). Burgos Díaz also testified that he did not have any knowledge of the alleged misconduct. (Docket No. 146-2, p. 11).

## DISCUSSION

### I. Standard on Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material only if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining if a material fact is "genuine," the court does not weigh the facts but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; Leary v. Dalton, 58 F.3d 748, 751 (1st Cir. 1995).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] ... which it believes demonstrate the absence of a genuine issue of material fact." Crawford-El v. Britton, 523 U.S. 574, 600 n.22 (1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once this threshold is met, the burden shifts to the nonmoving party. The nonmovant may not rest on mere conclusory allegations or wholesale denials. Fed.R.Civ.P. 56(e); Libertad v. Welch, 53 F.3d 428, 435 (1st Cir. 1995). Instead, the nonmoving party must "set forth specific facts showing

**Jesús Torres-Calderón, et al v. PR Police Department**  Page 4
**Civ. No. 05-1722 (FAB/BJM)**
**OPINION AND ORDER**

that there is a genuine issue for trial" and support such facts with "affidavits... made on personal knowledge [that]... would be admissible in evidence." Fed. R. Civ. P. 56(e). Further, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Of course, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party." Leary, 58 F.3d at 751. Still, summary judgment is appropriate where the nonmoving party rests entirely upon "conclusory allegations, improbable inferences, and unsupported speculation" on any essential element of the claim. Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

**II.  Section 1983 Supervisory Liability**

Defendants Burgos Díaz and Rivera González contend that the evidence in the record fails to make out a claim against them based on supervisory liability under Section 1983. Under Section 1983, supervisory liability cannot be predicated on the theory of *respondeat superior*, and supervisors may only be held liable on the basis of their own acts or omissions. Whitfield v. Meléndez-Rivera, 431 F.3d 1, 14 (1st Cir. 2005). Nevertheless, a supervisor may be liable under Section 1983 if he formulates a policy or engages in a practice that leads to a civil rights violation committed by another. Camilo-Robles v. Hoyos, 151 F.3d 1, 6-7 (1st Cir. 1998).

Absent direct participation, a supervisor may be held liable where (1) the behavior of his subordinates results in a constitutional violation, and (2) the supervisor's action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate

**Jesús Torres-Calderón, et al  v. PR Police Department**  Page 5
**Civ. No. 05-1722 (FAB/BJM)**
**OPINION AND ORDER**

indifference. Pineda v. Toomey, No. 07-2462, _ F.3d. _, 2008 WL 2747042, at *4 (1st Cir. July 16, 2008); see also Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999); Hernandez-Lopez v. Pereira, 380 F. Supp. 2d 30, 34-35 (D.P.R. 2005). "The 'affirmative link' requirement contemplates proof that the supervisor's conduct led inexorably to the constitutional violation." Hegarty v. Somerset County, 53 F.3d 1367, 1379-80 (1st Cir. 1995). Deliberate indifference "will be found only if it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights." Id., 53 F.3d at 1380.

A supervisor may be held liable where he displays deliberate indifference to an inferior officer's demonstrated propensity toward violent conduct, and there is a causal connection between that indifference and the alleged misconduct. Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 49 (1st Cir. 1999). It is undisputed that there is no evidence of a history of citizen's complaints or disciplinary measures against Ortíz Colón or Gandía, two of the officers who were allegedly directly involved in the incident. (Docket No. 132-2, ¶¶ 2, 3). There is, however, evidence of a 2001 incident in which involving Cuevas Gotay, resulting in a recommendation that he be expelled from the police department.[3] (Docket Nos. 132-2, ¶ 4; 148-3, p.3). Specifically, Cuevas Gotay allegedly, while under the influence of alcohol, pointed his firearm at municipal police officers. (Docket No. 132-2).

"An important factor in determining whether a supervisor is liable ... is whether the official was put on notice of behavior which was likely to result in the violation of the constitutional rights

---

[3] There is also evidence of misconduct by Cuevas Gotay postdating the alleged civil rights violation here, one of which resulted in a criminal conviction. (Docket Nos. 148-3, p.3, 148-4, p.1-5). However, only events preceding the alleged incident are relevant to this analysis.

of citizens." Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d 87, 93 (1st Cir. 1994). Burgos Díaz testified that he did not possess knowledge of Cuevas Gotay's alleged misconduct. (Docket No. 146-2, p. 11). Further, according to the undisputed facts on this motion, the Office of Legal Affairs ("Legal Affairs") refers to the Superintendent any recommendation for final disposition to be taken as to any complaint filed against a police officer. (Docket No. 132-2, ¶ 6). While a complaint is still pending in Legal Affairs, the Superintendent is not informed of it and cannot make any final determination regarding any related recommendations. (Docket No. 132-2, ¶ 7). It is undisputed that the complaint against Cuevas Gotay, and its attendant recommendation of expulsion, was still pending in Legal Affairs at the time of the alleged incident. (Docket No. 132-2, ¶ 8). Defendant Rivera González testified that, as a result, he "most likely" did not have any knowledge of the complaint or alleged misconduct and could not have implemented any disciplinary measures against Cuevas Gotay. (Docket No. 146-2, p.8). Plaintiffs contend that Rivera González's testimony does not conclusively determine that he did not have knowledge of the complaint or misconduct. (Docket No. 143, ¶ 10). However, plaintiffs have not submitted any contradictory testimony or other evidence demonstrating that either defendant may have possessed such knowledge. I therefore find the issue of defendants' lack of knowledge of Cuevas Gotay's 2001 misconduct undisputed for the purposes of this motion.

The parties dispute the significance of defendants' lack of knowledge: defendants argue that it exculpates them of supervisory liability, while plaintiffs argue that it demonstrates reckless disregard by defendants, who should have known of Cuevas Gotay's misconduct and recommended expulsion. (Docket No. 143, ¶ 5). Plaintiffs do not cite any cases demonstrating that this standard

is sufficient to satisfy a claim for supervisory liability under Section 1983.  While plaintiffs in Diaz v. Martinez based their theory of liability on the supervisors' failure to identify the rogue officer's history as a result of failing to keep up-to-date files, the officer in question had "demonstrably dangerous predilections and a checkered history of grave disciplinary problems" much more serious than Cuevas Gotay's record at the time of the incident.  Díaz v. Martínez, 112 F.3d 1, 4 (1st Cir. 1997).  There, the officer was the subject of eighteen disciplinary complaints, including one based on holding several fellow officers hostage at gunpoint which led to his involuntary commitment to a mental institution prior to being reinstated on the force a day before the alleged civil rights violation took place.  Id. at 2.  See also Barreto-Rivera, 168 F.3d at 49 (officer involved in alleged civil rights violation was, over a twenty-five year career, disciplined thirty times and recommended for dismissal six times; defendant supervisor had reviewed his file on multiple occasions and each time ignored expulsion recommendation and imposed a lesser penalty).  Here, while the single incident involving Cuevas Gotay raises concerns given its violent nature and resultant expulsion recommendation, it does not rise to the level of "a checkered history of grave disciplinary problems."  Diaz, 112 F.3d at 4.  Moreover, unlike the police superintendent in Barreto-Rivera who ignored multiple recommendations to suspend the officer and instead chose to keep him on the police force, the evidence here shows that defendants had not yet been confronted with such a decision at the time of the alleged incident. (Docket No. 146-2, p.8).  There is also no evidence that Cuevas Gotay's personnel file was not up to date.  Therefore, there is not a genuine dispute of facts material to proving supervisory liability under the relevant legal standard.

**Jesús Torres-Calderón, et al  v. PR Police Department**                                                Page 8
**Civ. No. 05-1722 (FAB/BJM)**
**OPINION AND ORDER**

      Plaintiffs argue that there remains a triable issue with respect to supervisory liability based on a failure-to-train theory.  (Docket No. 141, p. 15).  A supervisor may be found liable under Section 1983 based on a claim of inadequate training where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact and where the identified deficiency in a city's training program is closely related to the ultimate injury." Young v. City of Providence, 404 F.3d 4 (1st Cir. 2005)  (citing City of Canton v. Harris, 489 U.S. 378, 391 (1989).  Defendants assert  that "Plaintiffs have failed to establish that there was a lack of supervision and training." (Docket No. 132, p. 16).  If the moving party suggests that competent evidence to prove the case is lacking, the burden shifts to the non-moving party to "present definite, competent evidence to rebut the motion." Wynne v. Tufts Univ. School of Medicine, 976 F.2d 791, 794 (1st Cir. 1992).  Plaintiffs' sole evidence on this point is the Puerto Rico Police Department's 1997 firearms training policy, which requires officers to participate in three annual training programs on firearm control.  (Docket No. 148-5, p.8-9).  Plaintiffs speculate that since defendants have not presented any evidence on training programs, this lack of evidence proves the point that they were not properly trained.  However, such "conclusory allegations ... and unsupported speculation" are insufficient to satisfy plaintiffs' burden. Medina-Muñoz, 896 F.2d at 8.  Plaintiffs had the opportunity in discovery to solicit training records, deposition testimony, and interrogatory responses concerning the officers' participation in training programs, and they do not present any such evidence or inform the court of any effort to do so.  Therefore, plaintiffs have failed to discharge their burden to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Defendants Burgos Díaz's and Rivera González's motion to dismiss the Section 1983 claims against them is therefore **GRANTED**.

Further, the court declines to exercise its supplemental jurisdiction over plaintiffs' state law claims against Burgos Díaz and Rivera González. See 28 U.S.C. § 1367 (c); Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). Therefore, plaintiffs' state law claims against Burgos Díaz and Rivera González are dismissed without prejudice.

Finally, I note that although defendant Gandía joined in defendants' motion for summary judgment, plaintiffs' complaint alleges that Gandía violated Section 1983 directly, rather than in a supervisory status. Defendants' motion does not argue that this claim should be adjudicated on summary judgment. Therefore, none of the foregoing analysis pertains to Gandía, and the Section 1983 claim and related Puerto Rico law claims against him remains in the case.

### III.  Defendants' Remaining Arguments

Defendants' remaining arguments are more accurately viewed as motions to dismiss pursuant to Rule 12(b)(6) because they attack the sufficiency of the pleadings rather than argue that there is no genuine dispute of material fact based on the evidence in the record. However, defendants have waived these arguments because they already made a motion to dismiss for failure to state a claim.[4] (Docket No. 16). See Rule 12(g) ("If a party makes a motion under this rule but

---

[4] The court ruled on the motion to dismiss. (Docket No. 68). However, to the extent that opinion did not address defendants' request to dismiss plaintiffs' claims under the Fifth, Eighth, and Fourteenth Amendments, the court now dismisses those claims, which are not applicable to a police brutality case. Graham v. Connor, 490 U.S. 386 (1989) (excessive force claims arising in context of arrest or investigatory stop most properly invoke protections of the Fourth Amendment).

Jesús Torres-Calderón, et al  v. PR Police Department                                    Page 10
Civ. No. 05-1722 (FAB/BJM)
OPINION AND ORDER

omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted...").  Therefore, I deny defendants' request to dismiss plaintiffs' remaining claims.[5]

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is **GRANTED** as to all claims against defendants Burgos Díaz and Rivera González.  All federal law claims against these defendants are dismissed with prejudice, and any state law claims are dismissed without prejudice.  Defendants' motion to dismiss plaintiffs' Fifth, Eighth, and Fourteenth Amendment claims is **GRANTED** as to all defendants.  As to the Section 1983 and state law claims against defendant Gandía, defendants' motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of July, 2008.

                                        *S/ Bruce J. McGiverin*
                                        BRUCE J. McGIVERIN
                                        United States Magistrate Judge

---

[5] Defendants also requested dismissal of Section 1983 claims by Torres Calderón's family based on an alleged lack of standing.  This argument is based on an erroneous reading of the complaint:  Torres Calderón's family members bring claims only under state law, and do not bring a Section 1983 claim.